UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GARY D. SHROUF, JR., ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 4:11CV01926 SNLJ |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

### **MEMORANDUM AND ORDER**

This case is a motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence by Gary D. Shrouf, Jr., a person in federal custody. On December 2, 2009, Shrouf plead guilty before this Court to the offense of Conspiracy to Possess Pseudoephedrine Knowing and Having Reasonable Cause to Believe it Would be Used to Manufacture Methamphetamine, and on March 3, 2010, this Court sentenced Stone to the Bureau of Prisons for a term of 92 months, a sentence within the sentencing guideline range. Shrouf's § 2255 action is fully briefed and ripe for disposition, respondent having filed a response to movant's reply.

### **PROCEDURAL BACKGROUND**

On July 7, 2007, Gary Shrouf and a co-defendant were charged with conspiracy to possess pseudoephedrine knowing it would be used to manufacture methamphetamine, along with other related charges. The indictment was sealed until May 11, 2009. On September 10, 2009, law enforcement officials arrested Shrouf on federal charges in Case No. 4:07 CR 412 SNLJ while he was in the custody of the Missouri Department of Corrections serving a state sentence. Shrouf was taken into federal custody by writ ad prosequendum. Shrouf made his initial appearance before a U.S. Magistrate Judge in the Eastern District of Missouri on

September 25, 2009. Joan Miller, an experienced criminal defense attorney and former Missouri state assistant circuit attorney, was appointed to represent him.

After receiving discovery, Shrouf waived the right to raise any issue by way of pretrial motion on October 16, 2009. Shrouf entered a guilty plea to Count I of the indictment on December 2, 2009. This Court held a sentencing hearing on March 3, 2010. The Probation Office prepared a Presentence Report ("PSR"). Shrouf filed no objections to the PSR and he was sentenced to 92 months in the U.S. Bureau of Prisons, which was a sentence within the advisory Guidelines range. This Court imposed the federal sentence to run concurrent with Shrouf's state sentence, which was also the recommendation made by the parties.

On March 4, 2010, Miller filed a Notice in Compliance with Local Rule 12.07(A), in which Miller certified that she explained to Shrouf his appeal rights and, as a result, he did not ask that she file such a notice of appeal on his behalf. (See Docket No. 81). Consistent with that certification, Shrouf filed no direct appeal.

This Motion, however, was filed on November 3, 2011, pursuant to 28 U.S.C. § 2255, and Shrouf indicates that he put it in the prison mail system October 20, 2011. Regardless, either date is more than one year after his conviction became final.

Shrouf raises two primary issues in his motion that are summarized as follows:

(1) Sixth Amendment violation for lack of a speedy trial; and

(2) Ineffective assistance of counsel for failing to seek a dismissal of the indictment based on the alleged speedy-trial violation and failing to draft an appeal on his behalf.

Although it appears to the Court that neither claim has merit, the substance of these allegations need not be addressed because Shrouf's motion must be dismissed as untimely filed.

## DISCUSSION

**A One-Year Limitations Period Applies Under the ADEPA**

Shrouf's Motion was filed pursuant to 28 U.S.C. § 2255. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a statutory one-year limitations period applies to Section 2255 motions. See 28 U.S.C. § 2255(f). Section 2255(f) lists four circumstances for determining the one-year limitation period, but only Section 2255(f)(1) applies in this case. Under Section 2255(f)(1), a motion must be filed within one year of "the date on which the judgment of conviction becomes final."

There is no dispute that Shrouf's judgement of conviction became final on March 3, 2010. Thereafter, he filed this § 2255 motion on November 3, 2011, some eight months late. Shrouf's excuse for the late filing is that he supposed his lawyer was filing an appeal and that he didn't learn otherwise until August of 2011.  But in fact, his lawyer filed no direct appeal that would have suspended the time for filing a § 2255 motion,  nor could she have done so on Shrouf's behalf because Shrouf waived that right as part of guilty plea agreement. Plea Agreement at p. 4. Waivers are generally binding and "are important tools in the plea bargaining process because they preserve the finality of judgements and sentences, and are of value to the accused to gain concessions from the government." *United States v. Mendoza*, 341 F.3d 687, 695 (8th Cir. 2003). A defendant may waive any right, even a constitutional right, in a plea agreement so long as the waiver is made knowingly and voluntarily, and the challenged right falls within the scope of the waiver. See *United States v. Taylor*, 515 F.3d 845, 850 (8th Cir. 2008), *cert. denied*, 553 U.S. 1101, 128 S. Ct. 2921 (2008); *Mendoza, supra*.  Here Shrouf does not suggest that his waiver was somehow invalid or involuntary.  Moreover, this Court explained to Shrouf in

express terms that he was giving up his right to appeal under the terms of the plea agreement. Because of his waiver, then, there could be no suspension of the time for filing his § 2255 motion, and as a result, Shrouf has no excuse for the untimely filing.

Furthermore, even if Shrouf had not waived his right to appeal, his claim that he thought his lawyer was filing an appeal is refuted by the records. As noted, on March 4, 2010, his lawyer filed a Notice in Compliance with Local Rule 12.07A, in which she certified that she explained to Shrouf his appeal rights, to the extent that he had any under the plea agreement, and that he did not request that she file a notice of appeal on his behalf.

## CONCLUSION

For the foregoing reasons, Shrouf's petition is **DISMISSED** as untimely filed.

**IT IS FURTHER ORDERED** this Court will not issue a certificate of appealability because Shrouf has not made a substantial showing of the denial of a federal constitutional right.

**SO ORDERED** this 14th day of March, 2012.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE